IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUGLAS HIRANO, | ) CIV. NO. 22-00378 HG-RT |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; | ) |
| SAND ISLAND TREATMENT CENTER; | ) |
| AT&T WIRELESS; HOLIDAY INN | ) |
| HOTEL; WHITE SANDS HOTEL; | ) |
| SAND VILLA HOTEL; COCONUT | ) |
| WAIKIKI HOTEL; OHANA MALIA | ) |
| HOTEL; JOHN DOES, 1-200; JANE | ) |
| ROES, 1-100, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (ECF No. 17)**

On November 3, 2020, Plaintiff Douglas Hirano ("Plaintiff"), proceeding pro se, filed a complaint in the United States District Court for the District of Hawaii.  The complaint alleged claims against several defendants, including the United States of America ("the Government") and U.S. Probation Officer Kate McClory ("Officer McClory").  The United States District Court for the District of Hawaii dismissed Plaintiff's complaint with prejudice on March 22, 2021.

On September 15, 2021, Plaintiff, again proceeding pro se, filed a new complaint in the Circuit Court of the First Circuit for the State of Hawaii.  Plaintiff again alleged claims against Officer McClory, along with other defendants.

On March 24, 2022, Plaintiff had a copy of the state court

1

complaint delivered to Officer McClory's office. Officer McClory did not initially respond, because she mistakenly believed that the state court complaint was the former federal court complaint that had already been dismissed.

On July 31, 2022, the state court clerk entered a default against Officer McClory.

On August 15, 2022, the Government removed the case to the U.S. District Court for the District of Hawaii pursuant to 28 U.S.C. § 2679(d)(2). The Government was substituted as a defendant in the place of Officer McClory on November 10, 2022. The Government now seeks to set aside the state court clerk's entry of default against Officer McClory.

The Government's Motion to Set Aside Clerk's Entry of Default (ECF No. 17) is **GRANTED**.

## PROCEDURAL HISTORY

On November 3, 2020, Plaintiff filed a pro se complaint in the United States District Court for the District of Hawaii against the United States, Officer McClory, and various other defendants. (Cv. No. 20-00473 DKW-WRP, ECF No. 1).

On March 22, 2021, Plaintiff's complaint was dismissed with prejudice. (Cv. No. 20-00473 DKW-WRP, ECF No. 16).

On September 15, 2021, Plaintiff filed a new pro se complaint ("the Complaint") in the Circuit Court of the First Circuit for the State of Hawaii. (1CCV-21-0001124, Dkt. 1). The Complaint sought damages against Officer McClory for the same

2

conduct at issue in the previous case, in addition to claims against various additional defendants. (See id. ¶¶ 16-42).

On March 29, 2022, Plaintiff filed a "Return and Acknowledgment of Service." (1CCV-21-0001124, Dkt. 162). This filing indicated that Officer McClory had received the Complaint and Summons on March 24, 2022. Officer McClory states that she found a copy of the Complaint on her desk on March 25, 2022. Officer McClory states that she took no further action after finding the Complaint, as she believed that it was a complaint from Plaintiff's previous suit, which had been dismissed. (See Declaration of Kate McClory ("McClory Decl.") ¶¶ 5-10, ECF No. 17).

On April 26, 2022, Plaintiff filed a request for a default entry against Officer McClory. (1CCV-21-0001124, Dkt. 189).

On July 31, 2022, the state court clerk granted Plaintiff's request for an entry of default against Officer McClory. (1CCV-21-0001124, Dkt. 241).

On August 15, 2022, the Government removed this case to federal court pursuant to 28 U.S.C. § 2679(d)(2). (ECF No. 1).

On November 1, 2022, the Magistrate Judge issued an order substituting the United States as a defendant in the place of Officer McClory and another federal employee defendant, Corrections Officer Randy Cook. (ECF No. 16).

On November 10, 2022, the Government filed its Motion to Set Aside Clerk's Entry of Default (ECF No. 17).

On January 26, 2023, Plaintiff filed an Opposition to

3

Defendant's Motion to Set Aside Clerk's Entry of Default. (ECF No. 28).

On January 30, 2023, Plaintiff filed a Motion for Default Judgment Against Defendant Kate McClory. (ECF No. 31).

On February 3, 2023, the Magistrate Judge denied Plaintiff's Motion for Default Judgment. (ECF No. 33).

On the same day, the Government filed its Reply to Plaintiff's Opposition to its Motion to Set Aside Clerk's Entry of Default. (ECF No. 35).

The Court elects to decide the Motion Set Aside Clerk's Entry of Default without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 permits the Court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). The decision to set aside a default is within the Court's discretion. See Brandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111-12 (9th Cir. 2011).

## ANALYSIS

The Ninth Circuit Court of Appeals has explained that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). There are three circumstances in which it is

inappropriate to set aside an entry of default for good cause:

> (1) the defendant engaged in culpable conduct that led to the default; or,
>
> (2) the defendant had a meritorious defense; or,
>
> (3) reopening the default would prejudice the other party.

United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). The standard is disjunctive and "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id.

The Court's discretion is especially broad where it is setting aside an entry of default, rather than a default judgment. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986). The three factors are "more liberally applied" when setting aside an entry of default because "there is no interest in the finality of the judgment with which to contend." Mesle, 615 F.3d at 945.

1.  **Culpable Conduct**

A defendant's failure to answer is culpable conduct if the defendant had notice of the action and intentionally declined to respond. Mesle, 615 F.3d at 1092. An intentional failure to respond is one that is in bad faith, "such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Id. (citation and internal quotation marks omitted).

Officer McClory's failure to respond was not in bad faith. Officer McClory states that she did not respond to the Complaint because she believed that the Complaint was from Plaintiff's previous case, which had been dismissed. (McClory Decl. ¶¶ 9-10, ECF No. 17). She began the process of responding to the Complaint once she realized that this was a new lawsuit. (See id. ¶¶ 11-13). Officer McClory did not intentionally fail to respond to the Complaint at the outset.

Default is not appropriate against Officer McClory because she did not engage in culpable conduct.

### 2.  Meritorious Defense

A defendant must present the court with specific facts that would constitute a defense in order to justify an order setting aside a default. Franchise Holding, 375 F.3d 922, 926 (9th Cir. 2004). The requirement is not a high burden. Mesle, 615 F.3d at 1094. The defendant need only allege sufficient facts to show that a legitimate defense exists. Id.

Officer McClory has a meritorious defense. Pursuant to 28 U.S.C. § 2679(b), federal employees acting within the scope of their employment are immune from tort suits. A plaintiff may only obtain a remedy against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Officer McClory was acting within the scope of her employment as a senior probation officer. (See ECF No. 16). She is immune from Plaintiff's tort suit under the FTCA.

The Government has taken the place of Officer McClory as a defendant.  (See ECF No. 16).  The Government has raised its own meritorious defenses to Plaintiff's claims, including res judicata and Plaintiff's failure to exhaust administrative remedies under the FTCA.  (See ECF Nos. 17, 18).  Plaintiff's Opposition does not respond to either of the two defenses.

Default is not appropriate because the Government has raised meritorious defenses.

### 3.   Prejudice

A plaintiff is prejudiced for purposes of setting aside a default if the plaintiff is hindered in his ability to pursue a claim.  Falk, 739 F.2d at 463.  The harm must be greater than simply delaying the resolution of the case.  Mesle, 615 F.3d at 1095.  Delay must result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."  Fruean v. Bank of New York Mellon, Civ. No. 10-00762 DAE-BMK, 2011 WL 3021224, *4 (D. Haw. July 22, 2011).

Plaintiff has not demonstrated that he will suffer prejudice if the entry of default is set aside.  Plaintiff is not prejudiced merely because of the temporary delay that ensued because Officer McClory did not realize that Plaintiff had filed a new case.  See id. at *4.  Plaintiff is not prejudiced by his need to prove his case on the merits.  See id. at *4-5.

7

**CONCLUSION**

The Court finds there is good cause to set aside the state court clerk's entry of default.  Fed. R. Civ. P. 55(c).

The Government's Motion to Set Aside Clerk's Entry of Default (ECF No. 17) is **GRANTED.**

IT IS SO ORDERED.

DATED: February 17, 2023, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Douglas Hirano v. United States of America; Sand Island Treatment Center; AT&T Wireless; Holiday Inn Hotel; White Sands Hotel; Sand Villa Hotel; Coconut Waikiki Hotel; Ohana Malia Hotel; John Does, 1-200; Jane Roes, 1-100; **ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (ECF No. 17)**