IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUGLAS HIRANO, ) | CIV. NO. 22-00378 HG-RT |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA; ) | |
| SAND ISLAND TREATMENT CENTER; ) | |
| JOHN DOES, 1-200; JANE ROES, ) | |
| 1-100, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE (ECF No. 18)**

**AND**

**DENYING PLAINTIFF DOUGLAS HIRANO'S MOTION FOR DEFAULT JUDGMENT AGAINST SAND ISLAND TREATMENT CENTER (ECF No. 29)**

On September 15, 2021, Plaintiff Douglas Hirano ("Plaintiff"), proceeding pro se, brought this case in the Circuit Court of the First Circuit for the State of Hawaii.

Plaintiff alleged claims against a number of Defendants, including two federal employees: Probation Officer Kate McClory and Probation Officer Randy Cook. Plaintiff also named as defendants Sand Island Treatment Center and unidentified Sand Island personnel as John Does 1-200 and Jane Roes 1-100.[1]

---

[1] AT&T Wireless, Holiday Inn Hotel, White Sands Hotel, Sand Villa Hotel, Coconut Waikiki Hotel, and Ohana Malia Hotel were dismissed by the state court and are no longer parties in this removed case.

1

The Government removed the case to federal court and the United States of America replaced the named federal employees as a Defendant.

The Government filed a Motion to Dismiss Plaintiff's Complaint on several grounds, including res judicata and failure to exhaust administrative remedies.

Plaintiff filed a Motion for Default Judgment against Sand Island Treatment Center.

The Government's Motion to Dismiss (ECF No. 18) is **GRANTED.**

Plaintiff's Motion for Default Judgment Against Sand Island Treatment Center (ECF No. 29) is **DENIED.**

Plaintiff's Complaint (ECF No. 1-2) is **DISMISSED WITH PREJUDICE.**

## PROCEDURAL HISTORY

On September 15, 2021, Plaintiff filed a complaint in the Circuit Court of the First Circuit for the State of Hawaii ("Hawaii state court"). (Complaint in 1CCV-21-0001124, attached to Notice of Removal, ECF No. 1-2).

The Hawaii state court complaint named Probation Officer Kate McClory, Probation Officer Randy Cook, Sand Island Treatment Center, John Does 1-200 and Jane Roes 1-100 as Defendants.

The Plaintiff also named Coconut Waikiki Hotel, Holiday Inn Express Waikiki, Waikiki Malia by Outrigger, Sand Villa Hotel, White Sands Hotel, and AT&T Mobility LLC as defendants, but their

claims were dismissed by the Hawaii state court.  (ECF No. 1-4 at pp. 15-16, 19, 42-44 in 1CCV-21-0001124 Dkt. Entries 60, 62, 88, 195, 201, and 205).

On August 15, 2022, the United States of America removed the Hawaii state court complaint from the Circuit Court of the First Circuit, State of Hawaii to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 2679(d)(2).  (ECF No. 1).  At the time of the removal, the only remaining defendants were Probation Officer Kate McClory, Probation Officer Randy Cook, Sand Island Treatment Center, John Does 1-200, and Jane Roes 1-100.

On September 12, 2022, the Government filed a Motion to Substitute the United States of America for the named defendants Kate McClory and Randy Cook.  (ECF No. 10).

On November 1, 2022, the Magistrate Judge granted the Government's Motion and substituted the United States of America as a defendant in the place of Probation Officer McClory and Probation Officer Cook.  (ECF No. 16).

On November 10, 2022, the Government filed a Motion to Dismiss Plaintiff's Complaint With Prejudice for Lack of Subject Matter Jurisdiction.  (ECF No. 18).

On January 18, 2023, Plaintiff filed an Opposition to the Government's Motion to Dismiss.  (ECF No. 27).

On January 26, 2023, Plaintiff filed a Motion for Default Judgment Against Sand Island Treatment Center.  (ECF No. 29).

On February 3, 2023, the Government filed a Reply to

3

Plaintiff's Opposition to the Government's Motion to Dismiss. (ECF No. 34).

The Court elects to decide the Government's Motion to Dismiss and Plaintiff's Motion for Default Judgment without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## BACKGROUND

### I. In 2001, Plaintiff Was Convicted In Cr. No. 99-000465 ACK In Federal District Court And Began Serving A Term Of Supervised Release

On September 23, 1999, a federal grand jury returned a six-count indictment against Plaintiff. (Cr. No. 99-000465 ACK, ECF No. 9). Plaintiff pleaded guilty to all six counts on April 26, 2001. (Cr. No. 99-000465 ACK, ECF No. 49). The United States District Court for the District of Hawaii sentenced Plaintiff to 262 months imprisonment followed by ten years of supervised release. (Cr. No. 99-000465 ACK, ECF No. 69). Plaintiff began his term of supervised release on December 12, 2019. (Cr. No. 99-000465 ACK, ECF No. 118).

On July 1, 2020, Plaintiff admitted to violating four conditions of his supervised release. (Cr. No. 99-000465 ACK, ECF No. 133). The court held these violations in abeyance pending Plaintiff's participation in a residential substance abuse treatment program at Sand Island Treatment Center. (Id.)

Plaintiff was released to Sand Island Treatment Center on August 17, 2020. (See id.) Probation Officer McClory supervised

Plaintiff upon his release to Sand Island.  (See id.)

## II. In 2020, Plaintiff Filed A Civil Lawsuit in Civ. No. 20-00473 DKW-WRP Against The United States In Federal Court Regarding His Supervised Release

On November 3, 2020, Plaintiff filed a civil complaint in the United States District Court for the District of Hawaii. Plaintiff named the United States, Sand Island Treatment Center, unidentified Sand Island personnel, Probation Officer McClory, Probation Officer Cook, and others as defendants regarding the conditions relating to his term of supervised release.  (Civ. No. 20-00473 DKW-WRP, ECF No. 1).  Plaintiff attempted to allege claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Federal Tort Claims Act ("FTCA"), and Hawaii state law.

Plaintiff claimed that he had filed numerous grievances while being treated at Sand Island Treatment Center.  (Civ. No. 20-00473 DKW-WRP, ECF No. 1, at ¶ 12).  Plaintiff claimed that Probation Officer McClory "admonished and threatened to return Plaintiff to prison for filing grievances."  (Id. at ¶ 14).

Plaintiff claimed that he was evicted from Sand Island Treatment Center on August 20, 2020.  (Id. at ¶ 17).  He alleged that Sand Island personnel proceeded to surveil him, make false statements about his criminal history, point a firearm at him, take unauthorized control of his property, and distribute private information from his phone.  (Id. at ¶¶ 18-40).

5

### III. The Federal District Court Dismissed Plaintiff's Civil Lawsuit With Prejudice In Civ. No. 20-00473 DKW-WRP

On January 6, 2021, the United States District Court for the District of Hawaii dismissed Plaintiff's complaint with partial leave to amend.  (ECF No. 10).

On January 11, 2021, Plaintiff filed a first amended complaint.  (ECF No. 11).

On January 25, 2021, the United States District Court for the District of Hawaii dismissed the first amended complaint, again with partial leave to amend.  (Cv. No. 20-00473 DKW-WRP, ECF No. 12).

The federal district court gave Plaintiff until February 15, 2021 to file a second amended complaint that would correct the deficiencies identified in the order.  (Id. at 23-24).

On January 29, 2021, the federal district court granted Plaintiff's Motion for Enlargement of Time, and extended the deadline to March 8, 2021 to allow for Plaintiff to file a second amended complaint.  (Civ. No. 20-00473 DKW-WRP, ECF No. 14).

Plaintiff failed to file a second amended complaint by March 8, 2021.

On March 22, 2021, the federal district court dismissed Plaintiff's first amended complaint with prejudice after Plaintiff failed to file a second amended complaint.  (Cv. No. 20-00473 DKW-WRP, ECF No. 16).

## IV. Plaintiff Filed The Nearly Identical Lawsuit In Hawaii State Court That Was Removed To The Federal District Court And Is Before The Court Now

On September 15, 2021, Plaintiff filed a new complaint in Hawaii state court, alleging the same factual basis for his claims that were dismissed with prejudice by the federal district court in Civ. No. 20-00473 DKW-WRP.  (Cv. No. 22-00378 HG-RT, Ex. A, attached to Notice of Removal, ECF No. 1).

The new Hawaii state court complaint was filed in the Circuit Court of the First Circuit for the State of Hawaii. (Id.)  The Complaint attempted to allege state law tort claims against Probation Officer McClory, Probation Officer Cook, Sand Island Treatment Center, unidentified Sand Island personnel, and others for the generally same conduct at issue in the case previously dismissed in the federal district court.  (See id. at ¶¶ 16-42).

The Complaint was removed by the United States of America to the United States District Court for the District of Hawaii.  The Government seeks dismissal of the Complaint with prejudice.

### STANDARD OF REVIEW

A plaintiff has the burden of proving that subject-matter jurisdiction exists.  Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  The Court must dismiss the case if it lacks subject-matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1); Leeson v. Transamerica Disability

Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. Id. A facial challenge therefore mirrors a traditional motion to dismiss analysis. The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the Complaint, divest the Court of subject-matter jurisdiction. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). No presumptive truthfulness attaches to the Complaint's allegations. Id. The party challenging jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject-matter jurisdiction is lacking. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The burden then shifts to "the party opposing the motion [to] furnish affidavits or other evidence to satisfy its burden of establishing subject matter jurisdiction." Id. Failure to present suitable evidence establishing subject-matter jurisdiction necessitates dismissal. Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011).

The defense of res judicata may be considered by way of a Rule 12(b)(1) motion to dismiss.  See Gupta v. Thai Airways Int'l. Ltd., 487 F.3d 759, 763, 765 (9th Cir. 2007).  The Court may take judicial notice of relevant filings in prior state and federal proceedings.  U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

## ANALYSIS

### I. The Government's Motion to Dismiss

#### A. Res Judicata

The doctrine of res judicata precludes parties from relitigating claims from an earlier action in which there was a final judgment on the merits.  Allen v. McCurry, 449 U.S. 90, 94 (1980).

The preclusive effect of a prior federal court judgment exercising federal question jurisdiction is determined by the federal law of res judicata.  Media Rts. Techs., Inc. v. Microsoft Corp., 922 F.3d 1014, 1021 n.6 (9th Cir. 2019).

Res judicata applies where:

(1)  the parties in the present action are identical to, or in privity with, the parties in the prior action;

(2)  a final judgment on the merits was rendered in the prior action; and,

(3)  the claim in the present action is the same as in the prior action.

Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1142 n.3 (9th Cir. 2002).

All three factors for res judicata are met here.

<u>First</u>, Plaintiff previously sued the same defendant, the United States of America in Civ. No. 20-00473 DKW-WRP.

<u>Second</u>, in the previous case, there was a final judgment on the merits.  The United States District Court for the District of Hawaii dismissed Plaintiff's previous case with prejudice after Plaintiff failed to file a second amended complaint and comply with the district court's orders.  The prior dismissal with prejudice constitutes as a final judgment on the merits.  <u>Hells Canyon Pres. Council v. U.S. Forest Serv</u>, 403 F.3d 683, 686 (9th Cir. 2005).

<u>Third</u>, the claims Plaintiff attempts to assert in the Complaint before this Court in Civ. No. 22-00378 HG-RT are the same as those dismissed on the merits in the prior federal district court action in Civ. No. 20-00473 DKW-WRP.

Plaintiff is again attempting to assert claims relating to his supervised release conditions pursuant to the Federal Tort Claims Act and involving the same alleged conduct by Probation Officer McClory and Probation Officer Cook.

Plaintiff appears to concede that res judicata bars his claim.  His pleading states that "all claims against the United States of America, Kate McClory and Randy Cook are barred by the doctrines of res judicata and collateral estoppel."  (Pl.'s Opp. at p. 1, ECF No. 27).  Plaintiff's pro se pleading is difficult to decipher and contains many unintelligible arguments that do not alter the Court's analysis.

Res judicata bars Plaintiff's claims against the Government. Any amendment would be futile.

Plaintiff's claims against the United States are **DISMISSED WITH PREJUDICE** based on res judicata.

### B.  Exhaustion of Administrative Remedies

Even if Plaintiff's claims against the United States of America were not barred by res judiciata, they are barred for failure to exhaust administrative remedies.

A plaintiff must exhaust all administrative remedies before attempting to bring a tort claim pursuant to the Federal Tort Claims Act against the United States or its employees acting within the scope of their employment. D.L. by & through Junio v. Vassilev, 858 F.3d 1242, 1245 (9th Cir. 2017).  The exhaustion requirement "is a jurisdictional prerequisite." Gillepsie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

There is no evidence that Plaintiff exhausted his administrative remedies pursuant to the Federal Tort Claims Act before filing the Complaint in this case.

Plaintiff's claims against the United States of America are **DISMISSED WITH PREJUDICE** for failure exhaust his administrative remedies.

## II. Plaintiff's Motion for Default Judgment Against Sand Island Treatment Center

Plaintiff requests that the Court enter default judgment

11

against Defendant Sand Island Treatment Center.

A review of the record, however, demonstrates that the Court lacks personal jurisdiction over Sand Island Treatment Center as it was never properly served.

The federal district court lacks personal jurisdiction over defendants who have not been properly served. See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). The plaintiff bears the burden of establishing sufficient service of process. United States v. Barajas, 2022 WL 6251017, at *2 (N.D. Cal. Sept. 21, 2022). The sufficiency of that service of process is determined by state law when service is made prior to a case's removal to federal court. Song v. KBOS, Inc., 2015 WL 5162556, at *3 (D. Haw. Aug. 31, 2015).

On February 8, 2022, Plaintiff filed a "Return and Acknowledgment of Service" with the Circuit Court of the First Circuit for the State of Hawaii, stating that a process server working on Plaintiff's behalf attempted to serve Defendant Sand Island Treatment Center on January 14, 2022. (See 1CCV-21-0001124, Dkt. 120).

Hawaii Rule of Civil Procedure 4(d) requires that a complaint be served to a corporation or unincorporated association "by delivering a copy of the summons and of the complaint to any officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Haw. R. Civ. P. 4(d)(3). A complaint may

12

also be served on a corporation or unincorporated association "in the manner prescribed by any statute." Haw. R. Civ. P. 4(d)(8).

Plaintiff has not demonstrated that Sand Island Treatment Center was served in accordance with Hawaii Rule of Civil Procedure 4. The Court takes judicial notice of the "Return and Acknowledgment of Service" form filed in 1CCV-21-0001124, Dkt. Entry 120. Fed. R. Evid. 201. The form provides that service was made on "John," who Plaintiff alleges was an "authorized agent" of Defendant Sand Island Treatment Center. "John" is not identified by last name or by any other information that could corroborate that he was authorized to receive service of process. The "Acknowledgment of Service" section contains no signature. Such a filing is insufficient to show proper service.

It has been over a year since the February 8, 2022 service filing. Plaintiff's Motion for Default Judgment provides no further evidence to support a finding that service was proper.

Plaintiff's Motion for Default Judgment Against Sand Island Treatment Center (ECF No. 29) is **DENIED**.

### III. Plaintiff's Remaining Claims Against Sand Island Treatment Center and Sand Island Personnel

Even if Sand Island Treatment Center was properly served, Plaintiff's claims against Sand Island Treatment Center and its personnel are barred by res judicata.

Plaintiff's prior federal court case in Civ. No. 20-00473 DKW-WRP was dismissed with prejudice. Plaintiff's prior

13

complaint named Sand Island Treatment Center as a defendant, there was a final judgment on the merits dismissing the claims against Sand Island Treatment Center, and the claims against Sand Island Treatment Center in the prior case are the same as the claims Plaintiff attempts to raise here.

The fact that Plaintiff's new Complaint contains additional allegations does not change the analysis. Plaintiff is "not alleging a new claim, but rather [has] merely asserted new facts supporting a previously-alleged claim." Citizens for Free Speech, LLC v. Cnty. of Alameda, 2019 WL 13247999, at *5 (N.D. Cal. Nov. 6, 2019), aff'd, 830 F. App'x 551 (9th Cir. 2020).

Plaintiff's claims against Sand Island Treatment Center and John Does 1-200 and Jane Roes 1-100 are **DISMISSED WITH PREJUDICE**. Further amendment would be futile.

//
//
//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

The Government's Motion to Dismiss Plaintiff's Complaint With Prejudice For Lack of Subject Matter Jurisdiction (ECF No. 18) is **GRANTED**.

Plaintiff's Motion for Default Judgment Against Sand Island Treatment Center (ECF No. 29) is **DENIED**.

The Complaint (ECF No. 1-2) is **DISMISSED WITH PREJUDICE**.

There are no remaining claims or parties.

The Clerk of Court is **ORDERED** to issue Judgment in favor of Defendants and to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: March 30, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Douglas Hirano v. United States of America; Sand Island Treatment Center; John Does, 1-200; Jane Roes, 1-100; 22-cv-00378 HG-RT, **ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS (ECF No. 17) AND DENYING PLAINTIFF DOUGLAS HIRANO'S MOTION FOR DEFAULT JUDGMENT AGAINST SAND ISLAND TREATMENT CENTER (ECF No. 29)**